McCunn, J.
This action was brought against the defendant, on a certain contract, to recover the sum of #298, with interest. The plaintiff alleges that Egbert Deming sold to the defendant twenty shares of the St. Nicholas Eire Insurance Company stock, at $25 per share, amounting to the sum of $400. That only a part of the consideration money was paid at the time, leading a balance due of $298. That said Egbert Deming, on the 30th day of June, 1860, duly assigned that balance to the plaintiff, Samuel B. Deming, for the recovery of which he brings this suit. To establish his cause of action, the plaintiff called said Egbert Deming to prove the sale of the stock by him, to the defendant, and also to prove the assignment of the claim to the plaintiff. He swears that the consideration with which he purchased the stock in question *6 belonged to his (Egbert Deming’s) wife y that she gave him a blank power of attorney to transfer other stock, and that with the proceeds of the transfer he purchased the stock, which he swears he sold to the defendant.
This case was tried twice. On the first trial he swore the stock belonged to his wife, and that he merely borrowed the money on the same for her ; and, on the second trial, he swore that that which he swore to on the former trial Was true and correct. He swore he never bought it of his wife; that the stock was bought for his wife, and was bought with her property ; that her interest was the same as it was at the former trial, and that it has not changed since then.
On this state of facts, When the plaintiff rested, it clearly appears the stock and the proceeds thereof belonged to Mrs. Deming, and the court below should, of its own motion, have nonsuited the plaintiff. There being no evidence, until that time, vesting the plaintiff with a cause of action, although Deming, the assignee, swore that the stock was not his, but his wife’s, and that he had a power of attorney to dispose of the stock for her, I can find no testimony in the case, showing that that power gave him the legal right to appropriate the proceeds of said stock to his own use. Taking his testimony on the former trial, (which he swore on this trial was true,) and the testimony on this trial together, his evidence does not establish at law a good cause of action. There being, however, no motion for a nonsuit on the part of the defendant’s counsel, when the plaintiff rested, perhaps the learned judge who tried the case was justified in going on, and hearing all the evidence.
I believe, however, that after both parties had rested, and after all the proof was in, the plaintiff had no stronger cause of action than he had at the time he rested, and "the learned judge, when he submitted the case, erred in charging the jury “ That if they believed the assignor, Egbert Deming, in what he had sworn to, they must find for the plaintiff.”
I am of opinion,- that taking all the testimony together, and believing the same to be trite, such testimony' did not, in law, vest a title to the stock in question, or the proceeds thereof, *7 íü Egbert Doming, the assignor, and he having no title, could pass none. At the close of the evidence, the learned judge should have granted the defendant’s motion for a nonsuit.
The judgment below should be reversed, and a new trial ordered.
Moncrief, J. concurred.
New trial granted.